■ In the Matter of Shirley Brown, Respondent, v. Board of Education of the City of New York, Appellant.— In a proceeding under article 78 of the CPLR, to review the Board of Education's determination directing that petitioner, a teacher in a junior high school, be placed on inactive status without pay because of illness, and to restore petitioner to her position, the board

appeals from a judgment of the Supreme Court, Kings County, entered December 11, 1964, which granted the application and directed the board to restore petitioner to her position as a teacher, with all the rights and privileges of such position, effective as of the date she had been placed on inactive status (44 Misc 2d 466). Judgment reversed on the law, without costs, and petition dismissed, without costs. No questions of fact have been considered. The Board of Education placed petitioner on an "inactive employee" status without pay, pursuant to subdivision 7a of section 106 of the board's by-laws. The board took such action without the service of charges upon petitioner and without according her a hearing; its action followed and was based upon the medical examination of the petitioner by its physicians. Petitioner contends that by the board's action she was in effect suspended or temporarily removed from her position without charges or a hearing, in violation of law (Education Law, § 2573, subd. 5). In our opinion, the placement on inactive status was not a suspension or removal from office, with termination of rights; and, therefore, the service of charges and a hearing thereon were not required. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.